**ROBERTS & KEHAGIARAS LLP**
ANDREW D. KEHAGIARAS, ESQ. (State Bar No. 207767)
adk@tradeandcargo.com
THEODORE H. ADKINSON, ESQ. (State Bar No. 167350)
tha@tradeandcargo.com
One World Trade Center, Suite 2350
Long Beach, CA 90831
Telephone: (310) 642-9800
Facsimile: (310) 868-2923

Attorneys for intervening plaintiff
WORLD CHANDLERING INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

CV18-8260 SVW (FFMx)

| | |
|---|---|
| TMF TRUSTEE LIMITED, | Case No. ~~2:17-cv-09010-AGR~~ |
| Plaintiff, | **IN ADMIRALTY** |
| vs. | **VERIFIED *IN REM*** |
| M/T MEGACORE PHILOMENA, her engines, boilers, tackles, and other appurtenances, etc., *in rem*, HURRICANE NAVIGATION, INC., a Marshall Islands Corporation, *in personam*, | **INTERVENING COMPLAINT** [LAR E.13] |
| Defendants. | |
| WORLD CHANDLERING INTERNATIONAL, INC. | |
| Intervening Plaintiff, | |
| vs. | |

Z:\WCI\Complaint.docx

VERIFIED *IN REM*
INTERVENING COMPLAINT

M/T MEGACORE PHILOMENA, )
her engines, boilers, tackles, and )
other appurtenances, etc., *in rem*; )
and the Proceeds of the Judicial )
Sale of the M/T MEGACORE )
PHILOMENA, her engines, )
boilers, tackles, and other )
appurtenances, etc., *in rem*, )
)
      Defendants. )

COMES NOW intervening plaintiff World Chandlering International, Inc. ("WCI") and alleges:

1.  This is a case of admiralty and maritime jurisdiction under 28 U.S.C. section 1333. WCI invokes the provisions of Rule 9(h) of the Federal Rules of Civil Procedure.

2.  At all material times, WCI was and now is a company organized and existing under the laws of the State of Texas with an office and place of business at 6933 Clinton Drive, Houston, Texas 77020, and a supplier of provisions to ships and other vessels.

3.  At all material times, defendant M/T MEGACORE PHILOMENA (the "Vessel") was and is an oceangoing cargo vessel (IMO No. 9456915), which was, upon information and belief, at all material times owned by Hurricane Navigation Inc. and managed by Oxygen Maritime Management, Inc. (collectively, the "Owner"), and the Vessel is and is expected to be in this judicial district during the pendency of this action.

4.  Alternatively, and upon information and belief, there was a judicial sale of the Vessel by the U.S. Marshal in September 2018, which sale resulted in the payment proceeds in the Court's registry in lieu of the Vessel. The Court has in rem jurisdiction over those undisbursed defendant Proceeds of the Judicial Sale of the M/T MEGACORE PHILOMENA (the "Substitute Res"), as to which WCI may assert an in rem claim under the Supplemental Rules of the Federal Rules of Civil

Procedure and the Court's Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (the "LAR").

5. On information and belief, Hurricane Navigation Inc., at all material times, was and is a company organized and existing under the laws of the Marshall Islands, and Oxygen Maritime Management Inc., at all material times, was and is a company organized and existing under the laws of Greece.

6. Venue is proper in this judicial district under 28 U.S.C. section 1391(b).

7. In or about April and May 2017, the Owner ordered various provisions, stores, and food supplies (collectively, the "Provisions") from WCI for the Vessel.

8. On or about April 7 and May 30, 2017, the Provisions were delivered to the Vessel, as set forth in Exhibit "A," consisting of WCI invoices 34661, 34958, 34959, 34960, 34961, 34962, 34963, and 34999, together with the corresponding Delivery Tickets, attached herewith *in globo* as Exhibit "A."

9. Payment of the Invoices was due 30 days from the delivery date, making payment due on May 7 and on June 30, 2017, respectively.

10. Additionally, the Invoices stated the following agreement as to the application of the General Maritime Law of the United States and also interest to be charged:

> *The customer agrees that the services rendered and the materials provided to vessels by World Chandlering International, Inc. are "necessaries" within the meaning of the general maritime law of the United States and 46 U.S.C. 31301, Et. Seq. and are supplied in reliance upon the credit of the vessel notwithstanding the fact that this delivery ticket or invoice may be addressed or sent to any agent, or other representative of said vessel and that payments are due upon receipt of this invoice according to the terms above and that any payments or partials thereof not received within ninety (90) days of invoicing will have an interest penalty of 1 and 1/2 percent (1-1/2%), per month charge to the open invoice(s).*

11. Notwithstanding repeated demands from WCI, the Owner has made no payment to WCI for the Provisions, and the principal amount of $13,179.65 is still due to WCI. As stated above, the WCI Invoices provide that interest will accrue on all unpaid balances at the rate of 1 and 1/2 percent per month on any open Invoices. The total interest due as of September 17, 2018, is $264.55, as calculated in the Interest Statement attached hereto as Exhibit "B."

12. The sales of the Provisions are governed by the Maritime Law of the United States. The sales were effected by a United States based vendor, WCI, and the deliveries made in a United States port, Houston, Texas.

13. By WCI's furnishing of "necessaries" to the Vessel within the meaning of the Federal Maritime Lien Act, 46 U.S.C. section 31342 *et*

Z:\WCI\Complaint.docx

VERIFIED *IN REM*
INTERVENING COMPLAINT

*seq.*, on the order of the Owner, WCI has a maritime lien against the Vessel *in rem* or, alternatively, against the Substitute Res, for the full amount of WCI's claim.

14. Under the Federal Maritime Law, Supplemental Admiralty Rule C, and LAR E.13, WCI is entitled to intervene and arrest the Vessel or the Substitute Res to enforce WCI's maritime lien.

15. The Vessel was arrested and, upon information and belief, sold by the United States Marshal for the benefit of plaintiff TMF Trustee Limited, a maritime lienholder. WCI has an interest, i.e., a maritime lien enforceable only by Supplemental Rule C, in the Vessel or, alternatively, the Substitute Res, and WCI is so situated that disposing of the action may, as a practical matter, impair or impede WCI's ability to protect its interest as a maritime lienholder because no other party adequately represents WCI's interest or can enforce its maritime lien.

16. As a result, WCI has the right to intervene in this action under LAR E.13, to enforce its maritime lien against the Vessel or the Substitute Res by filing the instant intervening complaint in paper format.

WHEREFORE, WCI prays for judgment on its complaint as follows:

1. That process in due form of law and according to the practice of this Honorable Court issue against the Vessel or the Substitute Res, *in rem*;

2. That all persons having an interest in the Vessel or Substitute Res be required to appear and answer under oath the matters above;

3. That the Court enter judgment against the Vessel or the Substitute Res and in favor of WCI in the sum of $13,179.65, together with pre- and post-judgment interest, costs of suit, and attorneys' fees; and

4. For such other, further and different relief as the Court deems just and proper.

Dated: September 21, 2018     **ROBERTS & KEHAGIARAS LLP**

By: _____
Andrew D. Kehagiaras
Attorneys for intervening plaintiff
WORLD CHANDLERING INTERNATIONAL, INC.

# VERIFICATION

I, Andrew D. Kehagiaras, declare:

1. I am an attorney at the law firm of Roberts & Kehagiaras LLP, counsel of record in the above-captioned action for intervening plaintiff World Chandlering International, Inc. ("WCI"). I am a member in good standing of the State Bar of California and I am admitted to practice before this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. WCI is unable to make this verification because none of WCI's officers resides or is present in this judicial district. For that reason, I make this verification on WCI's behalf and I am authorized to do so.

3. I have read the foregoing verified intervening complaint. The sources of the knowledge, information, and belief contained therein are information and documents furnished to me by WCI, its employees and agents. On that basis, I declare that the verified intervening complaint is true to the best of that knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 21, 2018

Andrew D. Kehagiaras